**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BERT I. LACROIX,<br>        Appellant, | DOCKET NUMBER<br>NY-0842-19-0090-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>        Agency. | DATE: July 18, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Gedety Serralta-Aldrich, Esquire, and Katherine Clark, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The agency has filed a petition for review of the initial decision, which reversed the agency's denial of the appellant's request for law enforcement officer (LEO) retirement coverage under the Federal Employees' Retirement System (FERS). For the reasons discussed below, we GRANT the agency's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review, we REVERSE the initial decision insofar as the administrative judge found the appellant's request for a determination regarding LEO retirement coverage timely, and we VACATE the administrative judge's analysis of whether the appellant met the definition of an LEO.

## BACKGROUND

The appellant was employed by the agency as a GG-0132-13 Intelligence Specialist (Operations) from 2004 to 2016. Initial Appeal File (IAF), Tab 10 at 4-29, Tab 18 at 26, Tab 34 at 9. During his employment with the agency, from approximately March 18, 2007, through approximately August 19, 2015, the appellant was assigned to a detail with the Joint Terrorism Task Force (JTTF) of the Federal Bureau of Investigation (FBI). IAF, Tab 18 at 26, Tab 55 at 3-4, Tab 57 at 4. On August 20, 2016, approximately 1 year after the conclusion of his detail with the FBI, the appellant resigned from his position with the agency. IAF, Tab 10 at 29, Tab 55 at 4.

In October 2016, the appellant emailed various agency personnel requesting LEO retirement coverage for the duration of his JTTF detail, i.e., from March 18, 2007, through August 19, 2015. IAF, Tab 33 at 7-9, Tab 60 at 61-63. Thereafter, on July 24, 2017, the appellant submitted an additional request for LEO retirement coverage. IAF, Tab 18 at 4-7, Tab 55 at 3. On February 5, 2019, the agency denied the appellant's request, finding that (1) his request was untimely and (2) he failed to show that he met the definition of an LEO under 5 C.F.R. § 842.802 during the relevant timeframe. IAF, Tab 12 at 4-5.

The appellant filed a Board appeal challenging the agency's denial of his request for LEO retirement coverage under FERS, and he asserted that the agency had "failed to advise [him] of his right to file an MSPB appeal after he inquired regarding his status." IAF, Tab 1 at 4. The appellant requested a hearing on the matter. *Id*. at 2. Thereafter, the administrative judge clarified that the issues before the Board were (1) whether the appellant's request for a determination

regarding LEO retirement coverage was timely pursuant to regulation[2] and (2) whether the appellant could show by preponderant evidence that he was entitled to LEO retirement coverage under FERS from March 18, 2007,[3] through August 19, 2015.  IAF, Tab 55 at 2, Tab 57 at 4.

Following a hearing on the matter, the administrative judge issued an initial decision reversing the agency's determination and finding that the appellant showed by preponderant evidence that he qualified for LEO retirement coverage under FERS from March 18, 2007, through August 19, 2015.  IAF, Tab 67, Initial Decision (ID) at 1, 15-16.  In so finding, the administrative judge concluded that the appellant had timely filed his request under 5 C.F.R. § 842.804(c).  ID at 8-10.  She also concluded that the appellant proved by preponderant evidence that he met the definition of an LEO under 5 U.S.C. § 8401(17)(A) and 5 C.F.R. § 842.802.  ID at 10-15.

The agency has filed a petition for review of the initial decision, the appellant has responded in opposition, and the agency has filed a reply.  Petition for Review (PFR) File, Tabs 1, 3-4.  In its petition and reply, the agency contends that the administrative judge erroneously concluded that the appellant was entitled to LEO retirement coverage.  PFR File, Tab 1 at 4-27, Tab 4 at 4-12.  The agency contends, among other things, that the administrative judge erred in finding that the appellant's request LEO retirement coverage was timely filed.  PFR File, Tab 1 at 9-10, Tab 4 at 5-9.  In his response, the appellant urges the

---

[2] In her order memorializing the parties' prehearing conference, the administrative judge erroneously summarized this issue as whether "[the appellant's] *appeal* was timely pursuant to regulation."  IAF, Tab 55 at 2 (emphasis added).  Neither party has disputed the timeliness of the appellant's Board appeal; thus, we find that this was a misstatement and we have rephrased the issue accordingly.

[3] Although the parties stipulated that the appellant sought LEO retirement coverage for July 22, 2007, through August 19, 2015, IAF, Tab 55 at 2-4, the appellant subsequently clarified that he sought coverage for March 18, 2007, through August 19, 2015, IAF, Tab 57 at 4. Although the agency challenges the administrative judge's findings associated therewith, Petition for Review File, Tab 1 at 4 n.1, given our findings herein, we need not resolve this issue.

Board to affirm the administrative judge's conclusion that he is entitled to LEO retirement coverage. PFR File, Tab 3 at 4-9. The appellant contends that his request was timely because he first reported to the agency that he was "performing law enforcement officer work shortly after being assigned to the position in 2007," he requested "LEO coverage on a number of other occasions as it was a frequent topic at conferences," and he emailed agency managers about LEO credit on April 4, 2016. *Id*. at 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over a claim for FERS LEO retirement coverage under 5 U.S.C. § 8461(e)(1), which provides that "an administrative action or order affecting the rights or interests of an individual or of the United States under the provisions of this chapter administered by the Office [of Personnel Management] may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board." *See Streeter v. Department of Defense*, 80 M.S.P.R. 481, ¶¶ 2, 5 (1998); 5 C.F.R. § 842.807(a). A Federal employee seeking LEO retirement coverage under FERS bears the burden of proving entitlement thereto by a preponderance of the evidence. *Watson v. Department of the Navy*, 262 F.3d 1292, 1298 (Fed. Cir. 2001); *Fritts v. Department of Homeland Security*, 102 M.S.P.R. 265, ¶ 6 (2006). To be eligible for LEO retirement coverage under FERS, an appellant must meet the statutory definition of an LEO under 5 U.S.C. § 8401(17). *Watson*, 262 F.3d at 1297-98.

An employee who qualifies for LEO retirement coverage receives a larger annuity than other FERS retirees; however, an LEO is subject to larger salary deductions, i.e., a one-half percent higher withholding rate, during his employment.[4] *See* 5 U.S.C. § 8422(a); *Bingaman v. Department of the Treasury*, 127 F.3d 1431, 1433-34 (Fed. Cir. 1997). Implementing regulations promulgated

---

[4] Additionally, an employee who qualifies for LEO retirement coverage under FERS can retire at age 50 after completing 20 years of service or at any age after completing 25 years of service. *See* 5 U.S.C. § 8412(d)(1)-(2).

by the Office of Personnel Management provide that, if an employee occupies a position that is not subject to the one-half percent higher withholding rate (i.e., a non-LEO position), and the employee does not, within 6 months after entering the position or any significant change in the position, formally and in writing seek a determination from his employing agency that his position is properly covered by the higher withholding rate (i.e., that the position is properly classified as an LEO position), then the agency head's determination that the service does not qualify for LEO retirement coverage is presumed to be correct. 5 C.F.R. § 842.804(c). This presumption may be rebutted by a preponderance of the evidence that the employee was unaware of his non-LEO status or was prevented by cause beyond his control from timely requesting that his official status be changed. *Id*. If the appellant fails to request LEO retirement coverage within 6 months or show good cause for his failure to do so, the agency's determination that the appellant does not qualify for LEO coverage will be deemed conclusive and the Board will not review the merits of the agency's determination. *Bingaman*, 127 F.3d at 1441; *see* 5 C.F.R. §§ 842.804(c), 842.807(a).

We reverse the administrative judge's finding that the appellant timely filed his request for LEO retirement coverage under 5 C.F.R. § 842.804(c).

*The administrative judge misapplied 5 C.F.R. § 842.804(c).*

In her initial decision, the administrative judge credited the appellant's unrefuted testimony that he resigned from the agency on August 20, 2016, and that "he emailed several agency officials attaching a written request for LEO credit on October 5, 2016, less than [2] months later." ID at 8. As a result, the administrative judge concluded that the appellant's request for LEO retirement coverage for the period of March 18, 2007, through August 19, 2015, i.e., for the period of time during which he was detailed to the JTTF, was therefore timely. ID at 8-10. We disagree.

The applicable regulation, 5 C.F.R. § 842.804(c), requires that a request for an agency determination regarding LEO retirement coverage for a position be

made "within 6 months *after entering the position or after any significant change in the position*." 5 C.F.R. § 842.804(c) (emphasis added). Here, however, the administrative judge found the appellant's request timely because he filed it within 6 months of August 20, 2016, the date on which he *resigned* from the agency, which was approximately 1 year after the conclusion of his detail with the JTTF. ID at 8; IAF, Tab 10 at 29, Tab 55 at 4. Thus, the administrative judge misapplied section 842.804(c).

The factual record, which is fully developed, indicates that the appellant entered his position with the agency in 2004. IAF, Tab 34 at 9. Thereafter, effective March 18, 2007, he was assigned to a detail with the JTTF. IAF, Tab 18 at 26. This assignment, which was reflected on the appellant's Standard Form 50, *id.*, altered both his job duties and the type of work that he was performing, IAF, Tab 11 at 4-7, Tab 60 at 163-78. We therefore find that the assignment constituted a "significant change in [his] position" for purposes of 5 C.F.R. § 842.804(c). *See Letz v. Department of the Interior*, 474 F.3d 1309, 1313 (Fed. Cir. 2007) (explaining that "significant change in position" means a significant change in the type of work or duties of a position). Thus, for his request to have been timely, the appellant needed to have submitted it within 6 months of March 18, 2007, not within 6 months of August 20, 2016.

*The appellant did not make a formal, written request for LEO retirement coverage within 6 months of March 18, 2007.*

Section 842.804(c) requires that a request for an agency determination regarding LEO retirement coverage be made "formally and in writing." Here, the record is devoid of any indication that the appellant filed a written request for LEO retirement benefits within 6 months of March 18, 2007. *See* 5 C.F.R. § 842.804(c). Indeed, the appellant's first written request for LEO retirement coverage was not until 2016, nine years after the nature of his position changed. IAF, Tab 18 at 26, Tab 33 at 7-9, Tab 60 at 61-63; *see Letz*, 474 F.3d at 1312 (explaining that the time limit set forth in section 842.804(c) serves a significant

policy goal by preventing employees from postponing their appeals for many years thereby creating fiscal uncertainties for agencies).[5]

The appellant contends that he informed the agency in 2007 that he and other agency JTTF assignees "were performing law enforcement officer work" and that the topic of their potential entitlement to LEO retirement coverage "was a frequent topic at conferences." PFR File, Tab 3 at 4-5. However, the appellant failed to adduce evidence that any of these interactions occurred in writing, much less constituted a formal request for coverage. *See* 5 C.F.R. § 842.804(c). Thus, the agency's general awareness that its JTTF assignees believed that they should qualify for LEO retirement benefits does not satisfy the formality requirements of 5 C.F.R. § 842.804(c). *See Bingaman*, 127 F.3d at 1441 (explaining that an agency's alleged awareness that members of a particular group of employees would like LEO retirement coverage does not satisfy the formal, written request requirement under 5 C.F.R. § 842.804(c)). Thus, we conclude that the appellant's request was untimely.

*The appellant has not shown good cause for his untimely request.*

Under 5 C.F.R. § 842.804(c), if an employee does not timely file his request for LEO retirement coverage, "the agency head's determination that the service was not so covered at the time of the service is presumed to be correct." However, the provision provides that an appellant may rebut this presumption by showing by a preponderance of the evidence either that (1) he was unaware of his non-LEO status or (2) he was prevented by cause beyond his control from timely requesting that his official status be changed. 5 C.F.R. § 842.804(c). Here, the appellant has not alleged either that he was unaware of his non-LEO status or that circumstances beyond his control prevented him from timely requesting an LEO designation for retirement purposes. *See id.* Instead, he has contended that the

---

[5] Indeed, as set forth in the initial decision, it is undisputed that the appellant never made LEO retirement contributions under FERS during the period of time for which he seeks LEO retirement coverage. ID at 6; *see* 5 U.S.C. § 8422(a).

agency "failed to advise [him] of his right to file an MSPB appeal after he inquired regarding his status." IAF, Tab 1 at 4. Insofar as both the U.S. Court of Appeals for the Federal Circuit and the Board have found that an agency has no affirmative duty to advise employees in this capacity, this assertion is unavailing. *E.g.*, *Bingaman*, 127 F.3d at 1442; *Doyle v. Department of Veterans Affairs*, 80 M.S.P.R. 640, ¶ 8 (1999); *Caponio v. Department of the Treasury*, 73 M.S.P.R. 671, 678, *review dismissed*, 124 F.3d 224 (Fed. Cir. 1997). To the extent the administrative judge found otherwise, ID at 9 n.3, her conclusion is incorrect.

We vacate the administrative judge's analysis of whether the appellant met the definition of an LEO.

In *Bingaman*, the Federal Circuit analyzed the interplay between section 842.804(c) and 5 C.F.R. § 842.807(a), which provides that "[t]he final decision of an agency head denying an individual's request for approval of a position as [a rigorous LEO position] made under § 842.804(c) may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board." *Bingaman*, 127 F.3d at 1441. Reading these provisions together, the Federal Circuit concluded that, if an appellant fails to request LEO retirement coverage within 6 months or show good cause for his failure to do so, then the agency's determination that his position did not qualify for LEO retirement coverage will be deemed conclusive and the Board will not review the merits of that determination. *Id*.; *see* 5 C.F.R. §§ 842.804(c), 842.807(a). Because we find that the appellant's request was untimely and that he failed to show good cause for his untimeliness, we lack jurisdiction over the merits of the agency's determination; accordingly, we vacate the administrative judge's analysis of whether the appellant met the statutory definition of an LEO under 5 U.S.C. § 8401(17)(A) and 5 C.F.R. § 842.802. ID at 10-15; *see Bingaman*, 127 F.3d at 1441.

The appellant has failed to meet his burden of proving that he is entitled to receive the benefits he seeks. Accordingly, we reverse the initial decision insofar as the administrative judge found the appellant's request for a determination regarding LEO retirement coverage timely, and we vacate her analysis of whether the appellant met the definition of an LEO.

## ORDER

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:               _____
                             Gina K. Grippando
                             Clerk of the Board
Washington, D.C.